Slip Op. 16-23

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| JEDWARDS INTERNATIONAL, INC., | |
| Plaintiff, | |
| v. | Before: Leo M. Gordon, Judge |
| UNITED STATES, | Court No. 11-00031 |
| Defendant. | |

**MEMORANDUM and ORDER**

[Motion to appear as amicus curiae denied.]

Dated: March 21, 2016

  John C. Eustice, Richard A. Mojica, Richard H. Abbey, and Daniel P. Wendt, Miller & Chevalier Chartered, of Washington D.C. for Plaintiff Jedwards International, Inc.

  Jennifer E. LaGrange, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice of Washington, D.C. for Plaintiff United States. On the brief with her were Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Jeanne E. Davidson, Director, Reginald T. Blades, Jr., Assistant Director. Of counsel on the brief was Sheryl A. French, Attorney, Office of Assistant Chief Counsel for International Trade Litigation U.S. Customs and Border Protection of Washington, D.C.

  Teresa A. Gleason and Meredith A. DeMent, Baker & McKenzie, LLP of Washington, DC for Proposed Amicus Curiae DSM Nutritional Products, LLC.

  Gordon, Judge: Before the court is a motion by DSM Nutritional Products, LLC ("DSM"), pursuant to USCIT Rule 76 for leave to file a brief, as amicus curiae, in support of Defendant regarding the proper classification of bulk krill oil, the imported merchandise that is the subject of this action. Mot. for Leave to File Amicus Curiae Brief, ECF No. 49. For the reasons set forth below, DSM's motion is denied.

## Background

Plaintiff Jedwards International, Inc. ("Jedwards") is the importer of the subject merchandise, a "krill oil," which is commonly used as a human nutritional supplement, taken in capsule form. Joint Statement of Undisputed Facts ¶ 6, ECF No. 38. Upon entry, Plaintiff classified its krill oil under subheading 1603.00.90 of the Harmonized Tariff Schedule of the United States (HTSUS), as an extract of an aquatic crustacean. At liquidation, U.S. Customs and Border Protection ("Customs") classified the imported merchandise under HTSUS subheading 3824.90.4090, which provides for "chemical products and preparations of the chemical or allied industries (including those consisting of mixtures of natural products), not elsewhere specified or included: Other: Other: Fatty substances of animal or vegetable origin or mixtures thereof," dutiable at 4.6%. Plaintiff protested Customs' classification, which Customs denied. This action ensued.

Jedwards now claims that its krill oil is properly classifiable under Chapter 15 of the HTSUS, more specifically under subheading 1506.00.0000, as "Other animal fats and oils and their fractions, whether or not refined, but not chemically modified," dutiable at 2.3%, or alternatively under HTSUS subheading 1517.90.9000, as "edible mixtures or preparations of animal or vegetable fats or oils or of fractions of different fats or oils of this chapter, other than edible fats or oils or their fractions of heading 1516: Other: Other: Other," dutiable at 8.8¢ per kilogram.

DSM is a manufacturer, distributor, and importer of fish oil products that are similar to Jedwards' imported krill oil. DSM manufactures its nutritional fish oil products in

Court No. 11-00031                                                                                                    Page 3

Canada from fish that are harvested off the coast of Peru. Letter filed by DSM, ECF No. 66. DSM's Canadian products are then imported into the United States, where they are distributed and sold to retailers. Though similar in function and use—as a human dietary supplement—DSM states that its fish oil products are physically distinct from the subject merchandise resulting in the products being classified under different provisions of the HTSUS. DSM seeks to participate in this litigation because, in its view, the proper classification of both krill oil and fish oil products turns on the issue of the applicability or non-applicability of Chapter 15. DSM maintains that Chapter 15 does not govern the classification of the subject merchandise and that the subject krill oil is classifiable under HTSUS subheading 2923.20.2000 as "lecithins and other phosphoaminolipids, whether or not chemically defined: Lecithins and other phosphoaminolipids: Other'" dutiable at 5%. DSM maintains that its motion and arguments on the merits will aid the court in reaching the correct decision in accordance with Jarvis Clark Co v. United States, 733 F.2d 873, 878 (Fed. Cir. 1984). Defendant opposes DSM's motion, and Jedwards takes no position. Def.'s Reply in Supp. of its Cross-Mot. for Summ. J. & Opp. to Req. to File Amicus Br. 16-18, ECF No. 59. The court has jurisdiction over a challenge to a denied protest regarding the classification of imported merchandise pursuant to 28 U.S.C. § 1581(a) (2012).

## Discussion

The court notes at the outset that any contested motion to appear as amicus curiae in a Customs' classification action is viewed with a measure of skepticism because Congress long ago codified the practice of this Court's predecessor, the Customs Court, limiting participation of third parties in classification and valuation actions. 28 U.S.C.

§ 2631(j)(1)(A) ("Any person who would be adversely affected or aggrieved by a decision in a civil action pending in the Court of International Trade may, by leave of court, intervene in such action, except that—(A) no person may intervene in a civil action under section 515 or 516 of the Tariff Act of 1930."); Customs Courts Act of 1980, S. REP. No. 96-466 at 14 (1979) (continuing existing law barring intervention in denied protest litigation); H.R. REP. No. 96-1235 at 52 (1980), 1980 U.S.C.C.A.N. 3729, 3764.

USCIT Rule 76, which governs amicus curiae motions, provides that an applicant may, with the court's permission, file "a brief," and, for extraordinary reasons, participate in "the oral argument." USCIT R. 76. The rule is "unique to the U.S. Court of International Trade as a trial-level federal court. It has no counterpart in the Federal Rules of Civil Procedure, but instead finds a parallel in Rule 29 of the Federal Rules of Appellate Procedure." Corning Gilbert Inc. v. United States, 36 CIT ____, 837 F. Supp. 2d 1303, 1305-1306 (2012). As Corning Gilbert explained:

> Rule 76 is a consequence of the hybrid nature of the subject matter jurisdiction of the U.S. Court of International Trade. In some actions, e.g., those brought under section 1581(a), the court functions as a federal district court hearing cases de novo; in others, such as those commenced under 28 U.S.C. § 1581(c), the court functions as a federal circuit court of appeals, reviewing determinations based on the record made before an administrative agency. Rule 76, therefore, should typically find application in those actions in which the court functions as an appellate court.
>
> The specific contours of Rule 76 make this clear. The rule provides that an applicant may, with the court's permission, file "a brief," and, for extraordinary reasons, participate in "the oral argument." USCIT R. 76. These are predominantly (though not exclusively) appellate concepts. The rule certainly does not contemplate general participation at the trial level, with everything that entails (e.g., procedural motions, discovery motions, or settlement discussions).

Id.

      DSM's motion and assertion of an alternative classification for the subject merchandise beyond that claimed by the parties implicates the statutory prohibition against intervention in classification actions, and raises an issue about the appropriateness of amicus curiae in de novo classification cases at the U.S. Court of International Trade. See id. at ___, 837 F. Supp. 2d at 1305 (citing Stewart-Warner Corp. v. United States, 4 CIT 141, 142 (1982) ("The Court is also somewhat concerned that in this action participation as amicus should not become a substitute for intervention. Participation in this action by intervention is expressly forbidden by . . . 28 U.S.C. § 2631(j)(1)(A)")); see also United States v. Michigan, 940 F.2d 143, 165 (6th Cir. 1991) ("Amicus curiae may not and, at least traditionally, has never been permitted to rise to the level of a named party/real party in interest nor has an amicus curiae been conferred with the authority of an intervening party . . . .").

      DSM's requested involvement—for the purpose of raising an alternative classification beyond those claimed by Jedwards and Defendant—is problematic as it potentially implicates additional fact-finding not covered by the parties' discovery (e.g., additional laboratory tests). Additionally, DSM has not identified nor has the court found any case where a competitor was permitted to submit a brief or otherwise participate as amicus curiae regarding the disposition of the merits of a classification dispute under 28 U.S.C. § 1581(a). Congress has provided one instance in which a competitor (albeit, a domestic manufacturer), may challenge a Customs' classification decision. See 19 U.S.C. § 1516 (domestic manufacturer's petition); 28 U.S.C. § 1581(b)

(legal challenge negative determination on domestic manufacturer's petition).[1] Congress has not provided other parties with the right to challenge Customs' classification of a competitor's imported merchandise. The court believes that granting DSM's motion would do just that and allow DSM to litigate the merits of a classification challenge to a denied protest, something that is statutorily barred by § 2631(j)(1)(A). Of equal note, were the court to grant DSM's motion, DSM could possibly obtain <u>retroactive</u> relief (reclassification of the subject merchandise and the payment of additional duties by Plaintiff), a far more expansive remedy than any <u>prospective</u> relief that a domestic manufacturer might obtain pursuant to 19 U.S.C § 1516 and 28 U.S.C. § 1581(b). This strikes the court as an incongruous result.

As for DSM's belief that <u>Jarvis Clark's</u> oft-cited objective "to reach a <u>correct</u> result" in classification cases, 733 F.2d at 878, might trump any prohibition on intervention in 28 U.S.C. § 2631(j)(1)(A), <u>Jarvis Clark</u> is not as expansive as DSM believes. To be sure, <u>Jarvis Clark</u> is a seminal decision that altered this Court's customs jurisprudence by eliminating the dual burden of proof on importers in classification cases, 733 F.2d at 876-878.[2] The <u>Jarvis Clark</u> decision, however, and the statutory provision it interpreted,

---

[1] In <u>Stewart-Warner Corp. v. United States</u>, 4 CIT 141 (1982), a 1581(b) action, the court granted a motion, without explanation, for Diversified Products Corporation, an American manufacturer, whose imported competing product was the focus of Stewart-Warner's domestic manufacturer's petition, to file a brief as <u>amicus curiae</u> on the merits of the classification dispute and in support of Customs' then existing classification.

[2] The dual burden of proof required importers to establish "that the government's classification [was] incorrect [and] also that the importer's proposed classification [was] correct." <u>Jarvis Clark</u>, 733 F.2d at 878. It meant that Customs' classification stood "until

28 U.S.C. 2643(b), did not repeal or invalidate the prohibition on intervention contained in 28 U.S.C. § 2631(j)(1)(A). And it is important to recall that classification decisions are not given res judicata effect. Schott Optical Glass, Inc. v. United States, 3 Fed. Cir. (T) 35, 36, 750 F.2d 62, 64 (1984) ("[A] determination of fact or law with respect to one importation is not res judicata as to another importation of the same merchandise by the same parties." (citing United States v. Stone & Downer Co., 274 U.S. 225 (1927))). So although the court does endeavor to reach the correct result, it need not boil the ocean to do so (e.g., override the statutory prohibition in 28 U.S.C. § 2631(j)(1)(A) by granting amicus curiae motions). On the off chance the best classification is not identified in the litigation, either Customs or the importer is free to reclassify (and if necessary litigate) subsequent entries of the merchandise, until the "correct" classification is achieved.

There is no denying that the prohibition on intervention in classification cases does make it more challenging for a competitor like DSM to affect the classification of merchandise it does not import. It may be that the best (and only) avenue is to persuade Customs to reach the "correct" classification of the merchandise or lobby Congress to modify the HTSUS to reach DSM's desired outcome. In any event here the prohibition on intervention counsels against the grant of DSM's motion to file a brief as amicus curiae.

---

(footnote continued)
the importer pointed to a better definition," so the court would have "to affirm an incorrect government decision when the importer . . . failed to establish a correct alternative." Id.

Court No. 11-00031                                                                                           Page 8

    Accordingly, it is hereby

    **ORDERED** that DSM's motion to participate, as <u>amicus curiae</u>, is denied.

/s/ Leo M. Gordon
Judge Leo M. Gordon

Dated:   March 21, 2016
           New York, New York